IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Bernard McFadden, | ) C/A No. 2:13-2278-JMC-BHH |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) **REPORT AND RECOMMENDATION** |
| | ) **Partial Summary Dismissal** |
| Ms. Cynthia York, *Classification Officer of Kershaw Correctional Institution*; Ms. Cecilia Reynolds, *Warden of KRCI*; Ms. L. Miller, *First Name Unknown, Lieutenant of KRCI*; John or Jane Doe, *Clerk, U.S. District Court*; John or Jane Does, *Step 2 Grievance Hearing Officers*, *in their individual or personal capacities*, | ) |
| | ) |
| Defendants. | ) |

Plaintiff, Bernard McFadden ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, brings this civil rights action against Defendants, seeking monetary damages and declaratory and injunctive relief, pursuant to 42 U.S.C. §§ 1983 and 1985(3),[1]

---

[1] Not itself a source of substantive rights, § 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by "person(s)" acting "under color of state law." See Jennings v. Davis, 476 F.2d 1271 (8th Cir. 1973). The purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails. See McKnight v. Rees, 88 F.3d 417(6th Cir. 1996). To state a cause of action under 42 U.S.C. § 1983, a plaintiff must allege that: (1) individual defendant(s) deprived him of a federal right, and (2) did so under color of state law. Gomez v. Toledo, 446 U.S. 635, 640 (1980); see Hall v. Quillen, 631 F.2d 1154, 1155-56 (4th Cir. 1980). To state a conspiracy claim under 42 U.S.C. § 1985, a plaintiff must prove the following: (1) a conspiracy of two or more persons, (2) who are motivated by a specific class-based, invidiously discriminatory animus to (3) deprive the plaintiff of the equal enjoyment of rights secured by the law to all, (4) and which results in injury to the plaintiff as (5) a consequence of an overt act committed by the defendants in connection with the conspiracy. A Soc'y Without A Name v. Virginia, 655 F.3d 342, 346 (4th Cir. 2011)

1

for alleged violations of his First and Fourteenth Amendment rights. Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d) (D.S.C.), the undersigned United States Magistrate Judge is authorized to review such complaints for relief and to submit findings and recommendations to the District Court. After careful review, the undersigned finds that Plaintiff's Complaint is subject to partial summary dismissal, without prejudice and without issuance and service of process, as to Defendant John or Jane Doe, *Clerk, U.S. District Court*.

## PRO SE AND IN FORMA PAUPERIS REVIEW

Under established local procedure in this judicial district, a careful review has been made of the pro se complaint pursuant to the procedural provisions of 28 U.S.C. § 1915. The review has been conducted in light of the following precedents: Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Estelle v. Gamble, 429 U.S. 97 (1976); Haines v. Kerner, 404 U.S. 519 (1972); and Gordon v. Leeke, 574 F.2d 1147 (4th Cir. 1978). The Complaint herein has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action is "frivolous or

---

(quoting Simmons v. Poe, 47 F.3d 1370, 1376 (4th Cir. 1995)). Moreover, the plaintiff "'must show an agreement or a meeting of the minds by [the] defendants to violate the [plaintiff's] constitutional rights.'" Id. (quoting Simmons, 47 F.3d at 1377). The court must reject § 1985 claims whenever the purported conspiracy is alleged in a merely conclusory manner, in the absence of concrete supporting facts. Id. Rather, the plaintiff must demonstrate with specific facts that the defendants were motivated by a specific class-based, invidiously discriminatory animus to deprive the plaintiff of the equal enjoyment of rights secured by the law to all. Francis v. Giacomelli, 588 F.3d 186 (4th Cir. 2009) (quoting Simmons, 47 F.3d at 1376).

2

malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. §1915(e)(2)(B)(i), (ii), (iii). Hence, under 28 U.S.C. §1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed sua sponte. Neitzke v. Williams, 490 U.S. 319 (1989).

This Court is required to liberally construe pro se documents, Estelle v. Gamble, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, Hughes v. Rowe, 449 U.S. 5 (1980) (per curiam). Even under this less stringent standard, however, a pro se complaint is subject to summary dismissal. The mandated liberal construction afforded pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to "conjure up questions never squarely presented" to the court. Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Dep't. of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

**BACKGROUND**

Plaintiff alleges that the Defendants who are affiliated with the South Carolina Department of Corrections ("SCDC") and Kershaw Correctional Institution ("KCI"), i.e. Ms. Cynthia York, *Classification Officer of Kershaw Correctional Institution*, Ms. Cecilia Reynolds, *Warden of KRCI*, Ms. L. Miller, *First Name Unknown, Lieutenant of KRCI*, and John or Jane Does, *Step 2 Grievance Hearing Officers*, have retaliated against Plaintiff based on Plaintiff's involvement in litigation against SCDC and individual SCDC employees and based on Plaintiff's gender and heterosexual preference. Plaintiff alleges that the

3

SCDC/KCI Defendants have subjected Plaintiff to a "hostile prison environment," see Complaint, ECF No. 1, p. 3-5, by transferring him to a KCI unit which houses mostly inmates with recent disciplinary convictions, where inmate violence often occurs, and where Plaintiff is frequently locked-down, fed bologna sandwiches, and excluded from chapel programs. Plaintiff alleges that Defendants have also conspired to cause him to be skipped over on the waiting list for participation in the "Daniel Program," denied the privilege to participate in the work release program, and refused a custody advancement, see Complaint, ECF No. 1, p. 5-7. Plaintiff alleges that the SCDC/KCI Defendants have violated his First Amendment rights by attempting to deny his access to the courts and by delaying the processing of two of Plaintiff's Step 2 grievances, one for a period of approximately twelve (12) months and another for over twenty-four (24) months. Plaintiff alleges that the SCDC/KCI Defendants have also violated his Fourteenth Amendment right to equal protection. Complaint, ECF No. 1, p. 3.

With respect to the unknown Defendant identified as "John or Jane Doe, *Clerk, U.S. District Court*," Plaintiff alleges:

> [A]fter mailing case # 3:12-2392-JMC-JRM on 8/14/2012, an unknown Clerk of Court for the U.S. District Court, Columbia Division, leaked the suit to Kershaw CI officials and didn't actually file the suit until 12/5/2012, despite SCDC form 10-14 documented the mailing of the suit on 8/14/2012 that was not served on Defendants Reynolds and York until 01/07/2013. . . . [A]fter filing case # 3:12-2392-JMC-JRM that was mailed on 8/14/2012 . . . [it] was possibly leaked by the clerk's office, that which wasn't docketed until 12/05/2012 brought against Reynolds and York, among other officials . . . .

Complaint, ECF No. 1, p. 4.[2]

---

[2] The undersigned takes judicial notice of Plaintiff's previously-filed and still-pending civil case, McFadden v. Westley, et al., C/A No. 3:12-2392-JMC-JRM (D.S.C.), in which SCDC/KCI Defendants York and Reynolds are named, along with other KCI

4

**DISCUSSION**

Plaintiff's Complaint makes sufficient factual allegations to require that the Complaint be served on the SCDC/KCI Defendants, so that they can answer or otherwise respond to the allegations. However, Plaintiff's Complaint fails to state a cognizable claim against Defendant John or Jane Doe, *Clerk, U.S. District Court*.

Plaintiff's Complaint, insofar as it alleges a claim for violation of Plaintiff's constitutional rights against Defendant John or Jane Doe, *Clerk, U.S. District Court*, should be dismissed based on Defendant's absolute quasi-judicial immunity. The doctrine of absolute quasi-judicial immunity protects Defendant John or Jane Doe, *Clerk, U.S. District Court*, from the kind of claims asserted in this case. The doctrine of absolute quasi-judicial immunity has been adopted and made applicable to court support personnel because of "the 'danger that disappointed litigants, blocked by the doctrine of absolute immunity from suing the judge directly, will vent their wrath on clerks, court reporters, and other judicial adjuncts[.]'" Kincaid v. Vail, 969 F.2d 594, 601 (7th Cir. 1992) (quoting Scruggs v.

---

staff members identified by Plaintiff as Mr. Eury and Ms. Hough; see Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'"); Aloe Creme Laboratories, Inc. v. Francine Co., 425 F.2d 1295, 1296 (5th Cir. 1970) ("The District Court clearly had the right to take notice of its own files and records."). The docket in C/A No. 12-2392 shows that Plaintiff's Complaint was filed in this Court on August 21, 2012, promptly after its receipt, and was then referred to the assigned United States Magistrate Judge for initial review, pursuant to the Local Rules. C/A No. 12-2392, ECF No. 1. On November 30, 2012, an order and report and recommendation were issued, recommending that the Complaint be partially summarily dismissed, without prejudice and without issuance and service of process, as to Defendants Sullivan, Williams, Brooks, Hough, and Reynolds, and that the Complaint be served upon Defendants Ameson, Cannon, Eury, Florian, Hingle, Westley, and York. Pursuant to the Court's Order, on November 30, 2012, the Clerk's Office issued the summonses and order directing the United States Marshals Service to serve the summonses and Complaint on the Defendants who were ordered to be served. Id., ECF Nos. 9,10,11.

Moellering, 870 F.2d 376, 377 (7th Cir. 1989)); see Ashbrook v. Hoffman, 617 F.2d 474, 476 (7th Cir. 1980) (collecting cases on immunity of court support personnel); Cook v. Smith, 812 F. Supp. 561, 562 (E.D. Pa. 1993); Mourat v. Common Pleas Court of Lehigh County, 515 F. Supp. 1074, 1076 (E.D. Pa. 1981). In Mourat, the district court, in a bench ruling, rejected claims similar to those raised by the pro se Plaintiff in this case:

> In the "recognized immunity enjoyed by judicial and quasi-judicial officers, including prothonataries, there exists an equally well-grounded principle that any public official acting pursuant to court order is also immune." We have here quoted from Lockhart v. Hoenstine, 411 F.2d 455, 460 (3d Cir. 1969)[, cert. denied, 396 U.S. 941, 90 S. Ct. 378, 24 L. Ed. 2d 244 (1969)]. If he failed to act in accordance with the judicial mandate or court rule, he would place himself in contempt of court. See Zimmerman v. Spears, 428 F. Supp. 759, 762 (W.D.Tex.), aff'd, 565 F.2d 310 (5th Cir. 1977).

515 F. Supp. at 1076; see also Dieu v. Norton, 411 F.2d 761, 763 (7th Cir. 1969) ("Defendants Circuit Judge Cotton, court reporter Tellschow and circuit court clerk Block were all acting in the discharge of their official responsibilities[;] [a]s such they were protected by the traditional doctrine of judicial immunity, as this rule of law was not abolished by § 1983, supra.").

Absolute quasi-judicial immunity is extended to non-judicial officers "performing tasks so integral or intertwined with the judicial process that these persons are considered an arm of the judicial officer who is immune," Bush v. Rauch, 38 F.3d 842, 847 (6th Cir. 1994), and to a judge's subordinates performing "functions that are more administrative in character [that] have been undertaken pursuant to the [judge's] explicit direction." Kincaid, 969 F.2d at 601. The basis for extending the immunity in these situations is to prevent non-judicial court officials from becoming a "lightning rod for harassing litigation aimed at judicial orders." Kermit Constr. Corp. v. Banco Credito Y Ahorro Ponceno, 547 F.2d 1, 3 (1st Cir.

6

1976).  See, e.g., Foster v. Walsh, 864 F.2d 416, 417-18 (6th Cir. 1988) (clerk of court absolutely immune for issuing erroneous warrant pursuant to court's order).

Absolute immunity is not pierced by allegations of corruption or bad faith, nor will a judicial officer "be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority." Stump v. Sparkman, 435 U.S. 349, 356-57 (1978); see also Pierson v. Ray, 386 U.S. 547, 554 (1967), abrogated on other grounds by Harlow v. Fitzgerald, 457 U.S. 800 (1982).  Absolute immunity is an immunity from suit. Mireles v. Waco, 502 U.S. 9, 11-12 (1991); Chu v. Griffith, 771 F.2d 79, 81 (4th Cir. 1985).

The undersigned finds that Defendant John or Jane Doe, *Clerk, U.S. District Court*, is entitled to quasi-judicial immunity because the actions involved in this case were "judicial act[s] . . . having an integral relationship with the judicial process." Wymore v. Green, 245 F. App'x 780, 783 (10th Cir. 2007) (affirming district court's grant of absolute quasi-judicial immunity to the state court clerk, who allegedly refused to file the prisoner's court documents).  Accordingly, Defendant John or Jane Doe, *Clerk, U.S. District Court*, should be dismissed from this case as a party defendant, based on absolute quasi-judicial immunity.  See Mitchell v. Forsyth, 472 U.S. 511, 526 (1985) (absolute immunity "is an immunity from suit rather than a mere defense to liability").

**RECOMMENDATION**

Based on the foregoing, it is recommended that the District Court partially dismiss Plaintiff's Complaint, without prejudice and without issuance and service of process, as to Defendant John or Jane Doe, *Clerk, U.S. District Court*.  Plaintiff's Complaint should be served only upon Defendants Ms. Cynthia York, *Classification Officer of Kershaw Correctional Institution*, Ms. Cecilia Reynolds, *Warden of KRCI*, Ms. L. Miller, *First Name*

*Unknown, Lieutenant of KRCI*, and John or Jane Does, *Step 2 Grievance Hearing Officers*.

Plaintiffs' attention is directed to the important Notice on the next page.

October 21, 2013  s/Bruce Howe Hendricks
Charleston, South Carolina  United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk of Court
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).