# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Bernard McFadden, ) | |
| ) | Civil Action No. 8:13-cv-02278-JMC |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER AND OPINION** |
| ) | |
| Cynthia York, Cecilia Reynolds, L. Miller, ) | |
| JC Gaston, and John or Jane Doe, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

Plaintiff Bernard McFadden ("Plaintiff") filed this *pro se* action alleging a conspiracy by Defendants Cynthia York, Classification Officer of Kershaw Correctional Institution; Cecilia Reynolds, Warden of Kershaw Correctional Institution ("KCI"); L. Miller, Lieutenant of KCI; John or Jane Doe, Clerk U.S. District Court; and JC Gaston, Grievance Hearing Officer (collectively "Defendants") to deny Plaintiff his First Amendment right to petition, deny Plaintiff his Fourteenth Amendment right to equal protection based on gender, and to retaliate against Plaintiff via a hostile prison environment. (ECF No. 1.) This matter is before the court on Defendants York, Reynolds, and Miller's Motion for Summary Judgment (ECF No. 42), Defendant Gaston's Motion to Dismiss (ECF No. 64), and Plaintiff's Motion to Continue (ECF No. 78) and Motions to Compel (ECF Nos. 92, 93).

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, the matter was referred to United States Magistrate Judge Bruce Howe Hendricks and reassigned on December 2, 2013, to United States Magistrate Judge Jacquelyn D. Austin for pre-trial handling. On October 21, 2013, Judge Hendricks issued a Report and Recommendation ("Hendricks Report") recommending the court summarily dismiss the case as to Defendant Doe. (ECF No. 10.) On July 8, 2014, Judge

1

Austin issued a Report and Recommendation ("Austin Report") recommending the court grant Defendants York, Reynolds, and Miller's Motion for Summary Judgment and Defendant Gaston's Motion to Dismiss, and deny Plaintiff's motions. (ECF No. 94.) This review considers Plaintiff's Objections to Magistrate Bruce Howe Hendricks' October 21st, 2013 Report and Recommendation ("Hendricks Objections"), filed November 25, 2013, (ECF No. 19), and Plaintiff's Objections to Austin's Report and Recommendation ("Austin Objections"), filed July 28, 2014 (ECF No. 98). For the reasons set forth herein, the court **ACCEPTS** the magistrate judges' Reports. The court thereby **GRANTS** Defendants York, Reynolds, and Miller's Motion for Summary Judgment (ECF No. 42) and Defendant Gaston's Motion to Dismiss (ECF No. 64), **DISMISSES** the action against Defendant Doe, and **DENIES** Plaintiff's Motion to Continue (ECF No. 78) and Motions to Compel (ECF Nos. 92, 93) as moot.

## FACTUAL AND PROCEDURAL BACKGROUND

The facts viewed in the light most favorable to Plaintiff are discussed in the Reports. (*See* ECF Nos. 10, 94.) The court concludes, upon its own careful review of the record, that the magistrate judges' factual summations are accurate and incorporates them by reference. The court will only recite herein facts pertinent to the analysis of Plaintiff's Objections.

Plaintiff is incarcerated at KCI. (ECF No. 1 at 2.) Plaintiff filed the Complaint on August 22, 2013, alleging Defendants are violating his First and Fourteenth Amendment rights, discriminating against him based on gender and heterosexual preference. (*Id.*) Plaintiff claims Defendants are denying him permission to participate in a work release program and are keeping him in a hostile prison environment due to his sexual preference and in retaliation for previous litigation. (*Id.*) Plaintiff further alleges this conspiracy stems from Plaintiff's decision to go to trial rather than plead guilty to a second degree burglary charge "wherein a bisexual female

2

detective Irene Culick blood staged a crime scene." (*Id.*) Plaintiff seeks "an unspecified amount of monetary damages," and injunctive relief. (*Id.* at 8.)

On October 21, 2013, Judge Hendricks issued the Hendricks Report, recommending the court dismiss the case as to Defendant Doe. (ECF No. 10.) Judge Hendricks found that Plaintiff has failed to allege a claim against Defendant Doe, an unknown clerk at the U.S. District Court. (*Id.* at 5.) Judge Hendricks found that the claim should be dismissed based on Defendant Doe's absolute quasi-judicial immunity, which protects clerks and other non-judicial officers from facing suits when "performing tasks so integral or intertwined with the judicial process that these persons are considered an arm of the judicial officer who is immune." (*Id.* at 6, quoting *Bush v. Rauch,* 38 F.3d 842, 847 (6th Cir. 1994).) Judge Hendricks noted that the actions alleged against Defendant Doe were acts "having in integral relationship with the judicial process" and thus were protected by this absolute immunity. (*Id.* at 7.) Plaintiff timely filed his Hendricks Objections on November 25, 2013. (ECF No. 19.)

On February 10, 2014, Defendants Miller, Reynolds, and York filed a Motion for Summary Judgment. (ECF No. 42.) Eight days later, the same Defendants filed a Motion for a Protective Order due to Plaintiff's numerous discovery requests regarding irrelevant and personal facts regarding, among other things, Defendants' sexual preferences and activities and marital statuses. (ECF No. 48.) Judge Austin granted Defendants' motion on February 21, 2014, prohibiting Plaintiff from serving any further discovery requests on Defendants York, Reynolds, and Miller. (ECF No. 49.) Defendant Gaston filed a Motion to Dismiss for Failure to State a Claim on March 19, 2014. (ECF No. 64.) Despite being granted additional time to respond (*see* ECF Nos. 67, 73), Plaintiff has not filed a response to either the Motion for Summary Judgment or Motion to Dismiss, but instead has filed several motions to continue in light of several denied

3

discovery motions and several motions to compel discovery, despite warnings from Judge Austin that these orders are in violation of the Protective Order.  (*Id.* at 2; *see also* ECF Nos. 56, 82, 89.) Plaintiff's Motion to Continue (ECF No. 78), filed on May 29, 2014, and Motions to Compel (ECF Nos. 92, 93), filed June 30, 2014, and July 2, 2014, are still pending before this court.  On July 8, 2014, Judge Austin filed the Austin Report, recommending the court grant Defendants York, Reynolds, and Miller's Motion for Summary Judgment and Defendant Gaston's Motion to Dismiss, and deny Plaintiff's Motion to Continue and Motions to Compel.  (ECF No. 94.)

In the Austin Report, Judge Austin found that Plaintiff fails to present an equal protection argument, as he "has put forth no evidence that he was treated differently from any other inmate." (*Id.* at 13.)  Further, Judge Austin found Plaintiff has failed to allege facts showing "any retaliatory action or any nexus" between Plaintiff's filing of previous lawsuits and the alleged actions. (*Id.* at 15.)  Judge Austin also found that "[t]he accusations against Gaston in the Complaint are minimal at best." (*Id.* at 16.)  Further, as Judge Austin found that Plaintiff fails to allege a constitutional violation, Defendants are entitled to qualified immunity, which protects government officials performing discretionary functions from civil damage suits as long as the conduct alleged does not "violate clearly established rights of which a reasonable person would have known." (*Id.*, quoting *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982).)  Finally, Judge Austin found that, in the alternative to granting summary judgment and dismissal, dismissal of the action for discovery abuses by Plaintiff was appropriate. (*Id.* at 18-24.)  Judge Austin noted that Plaintiff continued to file discovery requests and motions to compel discovery regarding "irrelevant and offensive" matters, despite repeated warnings to stop. (*Id.* at 18-20.)  Judge Austin found that Plaintiff's actions demonstrated that (1) Plaintiff acted in bad faith, (2) Plaintiff's noncompliance caused prejudice to Defendants, (3) dismissal would deter the actions,

4

(4) less drastic sanctions would be ineffective, and (4) Plaintiff had a history of deliberately proceeding in a dilatory fashion, and thus dismissal is appropriate. (*Id.* at 18-24, citing *Mut. Fed. Sav. & Loan Ass'n,* 872 F.2d 88, 92 (4th Cir. 1989); *Chandler Leasing Corp. v. Lopez,* 669 F.2d 919, 920 (4th Cir. 1982).)

Plaintiff timely filed his Austin Objections on July 28, 2014. (ECF No. 98.)

## STANDARD OF REVIEW

The magistrate judges' Reports are made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The magistrate judges make only recommendations to this court. The recommendations have no presumptive weight. The responsibility to make a final determination remains with this court. *See Matthews v. Weber*, 423 U.S. 261, 270-71 (1976). This court is charged with making a *de novo* determination of those portions of the Reports to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the magistrate judges' recommendations, or recommit the matter with instructions. *See* 28 U.S.C. § 636 (b)(1).

Objections to a Report and Recommendation must specifically identify portions of the Report and the basis for those objections. Fed. R. Civ. P. 72(b). "[I]n the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Failure to timely file specific written objections to a Report will result in a waiver of the right to appeal from an Order from the court based upon the Report. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir.

1984). If the plaintiff fails to properly object because the objections lack the requisite specificity, then *de novo* review by the court is not required.

As Plaintiff is a *pro se* litigant, the court is required to liberally construe his arguments. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). The court addresses those arguments that, under the mandated liberal construction, it has reasonably found to state a claim. *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999).

## ANALYSIS

Plaintiff's Objections lack the requisite specificity required by Federal Rule of Civil Procedure 72(b). In his Objections, Plaintiff reiterates his arguments and continues to make general, unsubstantiated assertions purporting to back up his claims of a conspiracy, and unsupported claims that the magistrate judges misinterpreted or mislabeled his motions and arguments. (*See* ECF Nos. 19, 98.) However, Plaintiff fails to offer facts or law that show the magistrate judges erred in their analysis and recommendations. Since Plaintiff failed to properly object to the Reports with specificity, the court does not need to conduct a *de novo* review and instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond,* 416 F.3d at 315. The court does not find clear error in the Reports.

Although Plaintiff's Objections consist largely of repeats of arguments he has offered throughout the pleading process, Plaintiff purports to offer evidence to show a genuine dispute of material facts exists regarding his equal protection claim. Plaintiff attaches a Barbershop Sign Up Sheet to the Austin Objections, which Plaintiff asserts shows that he provided more haircuts than other inmate barbers, and therefore this disputes Defendant Miller's claim that Plaintiff was dismissed from the barber shop because he was charging for haircuts. However, Defendant

Miller stated in her answers to Plaintiff's interrogatories that "Plaintiff was removed from the barber shop due to unethical behavior including, *but not limited to,* attempting to profit from his duties there by charging inmates for haircuts."  (ECF No. 92 at 4 (emphasis added).)  The attached signup sheet shows nothing to refute other unethical behavior, nor does it definitively show that Plaintiff was not charging for haircuts.  As such, Plaintiff cannot show a genuine dispute of material fact, nor any facts showing that the magistrate judges erred in their findings.  As such,  the court accepts the Reports by the magistrate judges.

## CONCLUSION

Based on the aforementioned reasons and a thorough review of the Report and Recommendations of the magistrate judges and the record in this case, the court **ACCEPTS** the Report and Recommendations of the magistrate judges (ECF Nos. 10, 94).  It is therefore ordered that Defendants York, Reynolds, and Miller's Motion for Summary Judgment (ECF No. 42) and Defendant Gaston's Motion to Dismiss (ECF No. 64) are **GRANTED** and the action against Defendant Doe and as a whole is **DISMISSED.**  Plaintiff's Motion to Continue (ECF No. 78) and Motions to Compel (ECF Nos. 92, 93) are thereby **DENIED** as moot**.**

**IT IS SO ORDERED.**

United States District Judge

September 29, 2014
Columbia, South Carolina